IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ESTHER R. SHIPP | § | |
| --- | --- | --- |
| v. | § | CIVIL ACTION NO. 6:11-CV-105 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER
ON MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

On March 8, 2011, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying her application for Social Security benefits.

*Background*

The Commissioner filed an answer to the complaint on May 5, 2011. The Court issued an Order directing the filing of briefs on May 6, 2011. Plaintiff filed her opening brief on June 21, 2011. The Commissioner filed its brief on July 28, 2011. Plaintiff subsequently filed a reply brief.

On June 8, 2012, this Court issued a Report and Recommendation stating that the case should be remanded for further proceedings. *See* Docket Entry # 13. The District Court adopted the Report and Recommendation and entered Final Judgment on June 29, 2012. *See* Docket Entry # 15.

Plaintiff then applied for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 1412. On August 13, 2012, the Court granted the motion and awarded Plaintiff the sum

of $4,372.73 pursuant to the EAJA. After the remand, the Commissioner subsequently issued a favorable decision to Plaintiff on February 12, 2014.

On February 25, 2014, Movant, Plaintiff's representing attorney during the litigation before this Court, filed a Petition to Obtain Approval of a Fee For Representing A Claimant Under the Social Security Act. *See* Docket Entry # 23. The Commissioner responded, stating that it does not oppose Movant's request. *See* Docket Entry # 24. Based on the Commissioner's award of past-due benefits, Movant seeks an award of $5,870.25 pursuant to 42 U.S.C. § 406(b)(1).

### *Discussion*

The Act provides that when a court renders a judgment favorable to a claimant who was represented by an attorney in a Social Security disability matter, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1). The District Court can only award fees for work performed before the Court, and not for any work performed at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir.2005); *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir.1990), *abrogated on other grounds*, *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

The ultimate issue is whether the award is reasonable. *See Gisbrecht*, 535 U.S. at 793; *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010). This decision lies within the discretion of the court. *Gisbrecht*, 535 U.S. at 793; *Jeter*, 622 F.3d at 376. In making such determinations, the Supreme Court has concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807.

Courts, however, should consider certain factors in determining the reasonableness of a §406(b) fee, including but not limited to: (1) quality of the representation; (2) whether counsel was responsible for delay in the litigation while benefits accumulate during the case; or (3) whether the award is a "windfall" for counsel. *Gisbrecht*, 535 U.S. at 808; *Jeter*, 622 F.3d at 377. The Fifth Circuit has also interpreted *Gisbrecht* to hold that a district court may consider "lodestar" factors in its "windfall" determination, though the court may not rely on them alone. *Jeter*, 622 F.3d at 380 ("we conclude that courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage.").

Here, the Social Security Administration awarded past-due benefits of $48,798.65 to the Plaintiff. Twenty-five percent of this past-due benefit is $15,870.25. Plaintiff's attorney at the administrative level has requested payment of $10,000, representing full payment for the attorney's administrative level work in the case. Movant argues that his work on the case weighs in favor of granting the $5,870.25 fee requested. The Commissioner stated, in its response, that it does not oppose Movant's request.

The Court agrees with Movant. First, there was a contingency fee agreement between Movant and Plaintiff. *See* Appendix to *Petition to Obtain Approval of a Fee For Representing A Claimant Under the Social Security Act,* Attachment 1. The signed agreement states in pertinent part, "If a federal court rules in my favor, I will pay Mr. Honig an attorney fee of 25% of all past-due benefits in my disability claim paid to me and my dependants."*Id*. By the plain language of the agreement, Plaintiff intended to pay Movant 25% - the maximum allowed under § 406(b) - if he

obtained past-due benefits as a result of the representation. The fee that Movant seeks is actually lower than the 25% allowable by statute.

There is no indication of any lack of quality in Movant's representation. In fact, the brief prepared and submitted to this Court was detailed and raised several substantive issues, resulting in this Court's decision to remand the case. Although Movant did not represent Plaintiff in further administrative proceedings, ultimately, the Commissioner awarded benefits including the past-due amount of $48,798.65. Since the Commissioner does not oppose Movant's Motion, there is no dispute that the remand resulted from Movant's efforts on behalf of Plaintiff.

Further, Movant took on the contingency-basis case at considerable risk. *See Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005); *Wilson v. Astrue*, 622 F.Supp.2d 132 (D. Del. 2008). The Administration had denied benefits on initial and subsequent review. An administrative hearing was then conducted by an Administrative Law Judge, who denied benefits. Despite the risk involved, Movant accepted the representation before this Court and arrived at a favorable outcome for Plaintiff.

There is also no indication of any delay undertaken by Movant.

In addition, it does not appear that this award represents a "windfall" to Movant due to its size. The fee reflects the substantial risk involved, as discussed above. Counsel seeks 406(b) fees consistent with the fee agreement and the applicable statute.. Counsel actually seeks less than the 25% of past due benefits provided for by the statute and the fee agreement. Instead, counsel seeks only $5,870.25 of the $15,870.25 that SSA has properly still withheld in order to pay the attorney fees in this case.

Considering other lodestar-type factors along with the issues discussed above, the Court finds that Movant's time represents considerable time and labor over the years 2011 and 2012 representing Plaintiff. Movant's efforts were ultimately successful in obtaining all of the relief Plaintiff sought. Based on the favorable ruling, Plaintiff has been awarded a past-due benefit of $48,798.25 and continuing disability benefits, the accrued value of which may be considerably more as time goes by. Movant's experience is not in doubt. *Pederson v. Astrue*, 2011 WL 1100215, at *2 -3 & n.2 (S.D. Tex. Feb. 25, 2011). Overall, the Court cannot find that the award Movant seeks constitutes a "windfall."

Next, Movant acknowledges that he has already been awarded the amount of $4,372.73 under the EAJA and that the lesser of the award under the EAJA or the award under § 406(b) must be refunded to the Plaintiff. *See* Motion at 7; *Astrue v. Ratliff*, 560 U.S. 586 (2010) (citing 1985 amendment note to 28 U.S.C. § 2412); *Jeter*, 622 F.3d at 375. The Court will so order.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Movant's Motion for Attorney Fees Pursuant to § 406(b) of the Social Security Act (Docket Entry # 23) is hereby **GRANTED**.

Movant shall be awarded the sum of $5,870.25 to be paid out of Plaintiff's past-due benefits for representation before this Court in this matter. It is further

**ORDERED** that, concomitant with the award of attorney fees under § 406(b) herein, Movant shall refund the amount of $4,372.73 to Plaintiff.

**So ORDERED and SIGNED this 1st day of July, 2014.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

5